**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE:**<br>**31 Red Barn Road, Norridgewock, ME 04957** |
| **Peter G. Vermette as Personal Representative for the Estate of Timothy S. Rogers**<br>**and**<br>**Lindsay I Richard as Personal Representative for the Estate of Timothy S. Rogers** | **Mortgage:**<br>**December 28, 2006**<br>**Book 3794, Page 78**<br>**Somerset County Registry of Deeds** |
| **Defendants** | |

NOW COMES the Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Peter G. Vermette as Personal Representative for the Estate of Timothy S. Rogers and Lindsay I Richard as Personal Representative for the Estate of Timothy S. Rogers, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00)

dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, in which the Defendant, Timothy S. Rogers, is the obligor and the total amount owed under the terms of the Note is Two Hundred Three Thousand Nine Hundred Ninety-Six and 20/100 ($203,996.20) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1 is a Corporation with its principal place of business located at 240 Greenwich St., New York, NY 10286.

5. The Defendant, Lindsay I Richard as Personal Representative for the Estate of Timothy S. Rogers, is a resident of Skowhegan, County of Somerset and State of Maine.

6. The Defendant, Peter G. Vermette as Personal Representative for the Estate of Timothy S. Rogers, is a resident of Scarborough, County of Cumberland and State of Maine.

## FACTS

7. On February 28, 1985, by virtue of a Warranty Deed from Carl N. Rogers, which is recorded in the Somerset County Registry of Deeds in **Book 1178, Page 333**, the property situated at 31 Red Barn Road, City/Town of Norridgewock, County of Somerset, and State of Maine, was conveyed to Timothy S. Rogers, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On December 28, 2006, Timothy S. Rogers, executed and delivered to Wilmington Finance, Inc. a certain Note under seal in the amount of $219,150.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on December 28, 2006, Timothy S. Rogers, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Wilmington Finance, Inc., securing the property located at 31 Red Barn Road, Norridgewock, ME 04957 which Mortgage Deed is recorded in the Somerset County Registry of Deeds in **Book 3794**, **Page 78**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to The Bank of New York Melon, Successor to the Bank of New York, not in its individual capacity, but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset Backed Certificate series 2007-1 by virtue of a Quitclaim Assignment dated June 30, 2020 and recorded in the Somerset County Registry of Deeds in **Book 5571**, **Page 125**. *See* Exhibit D (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

11. The Mortgage was further assigned to The Bank of New York Mellon, Successor to the bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificated Series 2007-1 by virtue of an Assignment of Mortgage dated July 6, 2020 and recorded in the Somerset County Registry of Deeds in **Book 5581**, **Page 199**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. On November 1, 2012, Timothy S. Rogers, executed a Modification Agreement which adjusted the principal amount of the Note to $203,925.67 (herein after referred to as the "Loan Modification"). *See* Exhibit F (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

13. Upon information and belief, Timothy Rogers died on March 21, 2020.

14. On June 5, 2020, Peter G. Vermette and Lindsay I Richard were named as the Personal Representative for the Estate of Timothy S. Rogers the Probate Docket was recorded in the Somerset County Registry in B**ook 5553 Page 119**. *See* Exhibit G (a true and correct copy of the Somerset County Certificate and Abstract reflecting those appointments is attached hereto and incorporated herein).

15. On September 7, 2022, the Defendants, Peter G. Vermette as Personal Representative for the Estate of Timothy S. Rogers and Lindsay I Richard as Personal Representative for the Estate of Timothy S. Rogers, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16. The Demand Letter informed the Defendants, Peter G. Vermette as Personal Representative for the Estate of Timothy S. Rogers and Lindsay I Richard as Personal Representative for

the Estate of Timothy S. Rogers, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

17. The Defendants, Peter G. Vermette as Personal Representative for the Estate of Timothy S. Rogers and Lindsay I Richard as Personal Representative for the Estate of Timothy S. Rogers, failed to cure the default prior to the expiration of the Demand Letter. The Defendants, Peter G. Vermette as Personal Representative for the Estate of Timothy S. Rogers and Lindsay I Richard as Personal Representative for the Estate of Timothy S. Rogers are not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendants, but only seeks in rem judgment against the property.

18. The Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, is the lawful holder and owner of the Note and Mortgage.

20. The Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, hereby certifies that all steps

mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

21. The total debt owed under the Note and Mortgage as of October 28, 2022 is Two Hundred Three Thousand Nine Hundred Ninety-Six and 20/100 ($203,996.20) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $180,076.10 |
| Interest | $11,827.35 |
| Unpaid Late Charges | $243.40 |
| Total Advances | $4,242.99 |
| Escrow Advance | $7,606.36 |
| Grand Total | $203,996.20 |

22. Upon information and belief, the Defendants, Peter G. Vermette as Personal Representative for the Estate of Timothy S. Rogers is in the process of transitioning Lindsay I Richard as Personal Representative for the Estate of Timothy S. Rogers out of the property, as she is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

23. The Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 31 Red Barn Road, Norridgewock, County of Somerset, and State of Maine. *See* Exhibit A.

25. The Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, has the right to foreclosure and sale upon the subject property.

26. The Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, is the current owner and investor of the aforesaid Mortgage and Note.

27. The Defendants, Peter G. Vermette as Personal Representative for the Estate of Timothy S. Rogers and Lindsay I Richard as Personal Representative for the Estate of Timothy S. Rogers, are presently in default on said Mortgage and Note, having failed to make the monthly payment due April 1, 2020, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note and that the Defendant, Peter G. Vermette as Personal Representative for the Estate of Timothy S. Rogers and Lindsay I Richard as Personal Representative for the Estate of Timothy S. Rogers is not personally liable and accordingly this action does not seek any personal liability on the part of the defendants but only seeks *in rem* Judgment against the property in breach of the Note by failing to make the payment due April 1, 2020 and all subsequent payments;

28. The total debt owed under the Note and Mortgage as of October 28, 2022 is Two Hundred Three Thousand Nine Hundred Ninety-Six and 20/100 ($203,996.20) Dollars.

29. The record established through the Somerset County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendants, Peter G. Vermette as Personal Representative for the Estate of Timothy S. Rogers and Lindsay I Richard as Personal Representative for the Estate of Timothy S. Rogers, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

31. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Peter G. Vermette as Personal Representative for the Estate of Timothy S. Rogers and Lindsay I Richard as Personal Representative for the Estate of Timothy S. Rogers, on September 7, 2022, evidenced by the Certificate of Mailing. *See* Exhibit H.

32. The Defendants, Peter G. Vermette as Personal Representative for the Estate of Timothy S. Rogers and Lindsay I Richard as Personal Representative for the Estate of Timothy S. Rogers, are not in the Military as evidenced by the attached Exhibit I.

33. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1, upon the expiration of the period of redemption;

c) Find that the Defendant, Peter G. Vermette as Personal Representative for the Estate of Timothy S. Rogers and Lindsay I Richard as Personal Representative for the Estate of Timothy S. Rogers is not personally liable and accordingly this action does not seek any personal liability on the part of the defendants but only seeks *in rem* Judgment against the property in breach of the Note by failing to make the payment due April 1, 2020 and all subsequent payments;

d) Impose the applicable time periods for redemption, etc., as reflected in Title 14 § 6322;

e) Find that while the Defendant, Peter G. Vermette as Personal Representative for the Estate of Timothy S. Rogers and Lindsay I Richard as Personal Representative for the Estate of Timothy S. Rogers have no personal liability in this matter, a Judgment of Foreclosure and Sale can be imposed, *in* rem against the property known as 31 Red Barn Road, Norridgewock, ME. 04957;

f) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
The Bank of New York Mellon, successor to The Bank of New York, not in its individual capacity but solely as Trustee on behalf of the holders of the CIT Mortgage Loan Trust, 2007-1 Asset-Backed Certificates, Series 2007-1,
By its attorneys,

Dated: November 22, 2022

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com